# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0619, <u>In the Matter of Stephanie Moore and Richard Cox, Sr.</u>, the court on October 26, 2017, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Stephanie Moore (mother), appeals an order of the Circuit Court (<u>Yazinski</u>, J.) adopting a parenting plan proposed by the respondent, Richard Cox, Sr. (father), granting him joint decision-making responsibility and parenting time with the parties' children. We construe the mother's brief to argue that the trial court erred by: (1) refusing to admit into evidence a letter that she represented was written by the parties' child, a letter from the child's counselor, and records from the New Hampshire Division for Children, Youth and Families (DCYF); (2) granting the father unsupervised parenting time; (3) finding her testimony not credible; (4) denying her motion for reconsideration; and (5) violating her due process rights.

We first address the mother's evidentiary arguments. We accord the trial court considerable deference in determining the admissibility of evidence, and we will not disturb its decision absent an unsustainable exercise of discretion. <u>State v. Lisasuain</u>, 167 N.H. 719, 725 (2015). To demonstrate an unsustainable exercise of discretion, the mother must show that the trial court's ruling was clearly untenable or unreasonable to the prejudice of her case. <u>Id</u>.

In this case, the mother did not offer into evidence any of the documents she identifies on appeal. Instead, she asked to read the child's letter as part of her direct testimony and attempted to read the counselor's letter during the father's cross-examination of her. When the trial court asked her whether DCYF had brought an action against the father, the mother did not offer DCYF's records, or even indicate that she had them. Instead, she apparently offered the trial court an order on another matter and testified that she recalled "very vaguely" calling DCYF when she alleged that the father "punched" their child. Furthermore, the mother testified to the contents of the child's letter and to the counselor's conclusion. Accordingly, in light of her testimony, we conclude that the mother has not shown that the trial court unsustainably exercised its discretion.

We next address whether the trial court erred by granting the father unsupervised parenting time. When reviewing a parenting plan, our role is

merely to determine whether the trial court sustainably exercised its discretion. In the Matter of Conant & Faller, 167 N.H. 577, 582 (2015). We review only whether the record establishes an objective basis to sustain the trial court's discretionary decision. Id. We do not reweigh the evidence or substitute our judgment for the trial court's judgment, provided that the trial court's decision could reasonably have been made. Id.

In this case, at the time of the hearing, the father had not seen the children in two years. The property manager for the apartment complex where the family had lived testified that he had observed the father interact with the children and that the "[k]ids loved him." The manager described watching the children "holding onto [the father], hugging him. And [doing] the normal things that a parent expects or gets if the kids care for him." He further testified that he never saw the father treat the children "rough," but had seen the mother routinely screaming and swearing at the children and hitting them.

Furthermore, although the mother testified that the father had "punched" their child, the father presented a letter signed by the mother stating that he had not hit the child. Although the father testified that he was a registered sex offender as a result of a 2002 sexual assault conviction, he stated, and the mother did not contest, that he had fulfilled all his obligations resulting from that conviction and that the mother, aware of the conviction, chose to have children with him.

We note that the father proposed, and the trial court ordered, that his parenting time begin gradually to acclimate the children to him and that "[i]f the children are anxious about the parenting time with their father in the first 2 months," his visits would be supervised by relatives with whom the mother testified she did not have a "problem." We conclude that the record establishes an objective basis to sustain the trial court's discretionary decision to allow the father unsupervised parenting time as set forth in the order. See id.

The mother argues that the trial court erred by finding her testimony not credible. However, we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. In the Matter of Geraghty & Geraghty, 169 N.H. 404, 416 (2016). Nothing in this record compelled the trial court to reject the father's testimony or to accept the mother's. See id.

To the extent that the mother argues that the trial court "commit[ed] plain error when it denied [her] motion for reconsideration," she has not provided that motion. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (stating appellant has the burden to provide a record that is sufficient to decide the issues she is raising). To the extent that she argues that the trial court violated her due process rights, the record does not reflect that she raised this issue in the trial court. Thus, we do not review it. See id. (stating appellant has the

burden to provide a record that is sufficient to demonstrate that she raised the issues on appeal in the trial court). These rules are not relaxed for self-represented parties. See In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56-57 (2006).

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**